### MADDAUS v. UNITED STATES (No. 853).[1]

REAPPRAISEMENT WITHOUT SAMPLES.

The decision in Oelrichs v. United States (2 Ct. Cust. Appls., 355; T. D. 32091) does not modify the decision in Tilge v. United States (1 Ct. Cust. Appls., 462; T. D. 31507). In the case here not only was there no sample before the appraising officer or a legal substitute therefor, but the record discloses that the jurisdiction of the appraising officer was protested because of that fact. Until the jurisdictional requirements of the statute have been complied with there can be no "decision," as contemplated by the statute to be accepted as final in character.

United States Court of Customs Appeals, May 31, 1912.

APPEAL from Board of United States General Appraisers, G. A. 7311 (T. D. 32109).

[Reversed.]

*Brown & Gerry* for appellant.

*William L. Wemple*, Assistant Attorney General (*William K. Payne*, Deputy Assistant Attorney General, of counsel), for the United States.

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

DE VRIES, Judge, delivered the opinion of the court:

This appeal involves the validity of a reappraisement proceeding. The reappraisement was held by a single general appraiser and related

---

to certain machines. The appeal was by the collector. Prior to the hearing of the case the machines in question had been disposed of by the importer to purchasers in different parts of the United States. It is conceded that the machines were, therefore, not before the general appraiser when he heard the case and as the only samples of the machines must, of necessity, be the machines themselves there were no samples of the same. The opinion of the board recites, as affirmatively shown by the record, that "the general appraiser heard the case over the protest of the importer."

The importer protested against the proceeding by the general appraiser upon the ground that the machines were not before him, and that, therefore, he was without jurisdiction to proceed in the premises. The board affirmed the validity of the reappraisement upon the theory that the decision in Oelrichs & Co. *v.* United States, decided by this court (2 Ct. Cust. Appls., 355; T. D. 32091), modified the previous decisions of this court in Tilge *v.* United States (1 Ct. Cust. Appls., 462; T. D. 31507), and same (2 Ct. Cust. Appls., 149; T. D. 31676), and Loeb *v.* United States (1 Ct. Cust. Appls., 385; T. D. 31479).

The board stated:

In Oelrichs *v.* United States, decided by the Customs Court December 6, 1911 (T. D. 32091), we understand the Tilge case to have been modified in this respect. In the Oelrichs case it affirmatively appeared that the collector had not complied with this provision of section 2901. While the court held that this is mandatory, they held that the board, nevertheless, had jurisdiction of the case and that the reappraisement proceedings before the board, in other respects being regular and proper, were valid.

The Oelrichs case, *supra*, in no sense modified the doctrine announced by this court in the Tilge and Loeb cases, *supra*. On the contrary, that which in the Tilge case (T. D. 31676) was intimated, *obiter*, was adopted in principle in the opinion of the court in the Oelrichs case, and it was so announced by the court. In the Tilge case, *supra*, not only were there no samples before the general appraiser and no legal substitute therefor, but the right of the general appraiser to proceed therein was for that reason challenged. In the Oelrichs case the fact was pointed out by this court that not only was no objection made to the procedure of the general appraiser, but samples of the merchandise the subject of the appeal were drawn by consent of all parties and examined by the general appraiser. Of this procedure the court in the Oelrichs case said:

The classification board found as a fact that the evidence clearly shows that the board had before it ample and sufficient samples of all the merchandise under reappraisement. We think, in view of this finding, that the substitute procedure which the law admits, as intimated in Tilge *v.* United States, *supra*, was followed and that there was no want of jurisdiction.

The court held in the Oelrichs case that the board having jurisdiction of the parties and of the subject matter, and the examination of the merchandise, or samples thereof, being jurisdictional as to

procedure, might be either waived or satisfied by pursuit of one of the substitute processes provided by law. The same doctrine was announced by this court in Harris *v.* United States (3 Ct. Cust. Appls., 5; T. D. 32286), wherein the case of Oelrichs & Co. *v.* United States (2 Ct. Cust. Appls., 355; T. D. 32091) is cited and quoted as authority.

We are unable to discover any conflict between or inconsistency in the cases of Wolff *v.* United States (1 Ct. Cust. Appls., 181; T. D. 31217) and Loeb *v.* United States (*ibid.*, 385; T. D. 31479), and Beer *v.* United States (*ibid.*, 484; T. D. 31526), and Tilge *v.* United States (2 Ct. Cust. Appls., 149; T. D. 31676), and Oelrichs & Co. *v.* United States (*ibid.*, 355; T. D. 32091), and Harris *v.* United States (3 Ct. Cust. Appls., 5; T. D. 32286), and Horace Day Co. *v.* United States (*ibid.*, 152; T. D. 32456).

These cases uniformly recognize the rule that in reappraisement proceedings legal samples duly selected are necessary and jurisdictional to the procedure of the appraising officers, that in lieu thereof substitute processes are provided by the law, which when followed by the appraising officers satisfy this jurisdictional requirement, and that that requirement, being jurisdictional as to procedure rather than as to the parties or subject matter, may be waived. In this case not only was there no sample before the appraising officer or legal substitute therefor, but the record expressly shows, and the Board of General Appraisers found as a fact, that not only was there no waiver of such, but the proceeding was protested upon this ground by the importer and the jurisdiction of the general appraiser to proceed in the premises for that reason denied.

We do not think the added language in section 13 of the customs administrative law, as amended in 1909, concerning the finality of the decision of appraisers in reappraisement cases, changes the rule where either the "appraiser or collector has proceeded on a wrong principle contrary to law or has transcended the powers conferred by statute," as declared by the Supreme Court in United States *v.* Passavant (169 U. S., 16, 21). The changed language of the statute is addressed to a review of "the decision" itself rather than to the jurisdiction of the board to render the decision. The injunction of the statute is against a review of the decision as a finding of fact, and not to the procedure of the board in acquiring jurisdiction to render the decision, which is a question of law. The statute entitles the importer, or the Government, to an appraisement by a single general appraiser or a board of general appraisers proceeding according to law. The decision thus had becomes final, and neither the board nor this court can review the same. Until, however, the jurisdictional requirements of the statute have been complied with

or satisfied there is no "decision" within the statute of a single general appraiser or a board of three general appraisers. The review sought, therefore, is not a review of the decision itself, but a review of the legal power of the general appraiser or Board of General Appraisers to render that which without such power duly exercised does not become the "decision" contemplated and made final by the provisions of the statute.

Following the decisions of this court, *supra*, the decision of the Board of General Appraisers is *reversed*.