GALLAGHER & ASCHER *v.* UNITED STATES (No. 1078).[1]

REAPPRAISEMENT—WAIVER.

Any question of the regularity of the reappraisement proceedings in this cause might have been waived. (Maddaus *v.* United States, 3 Ct. Cust. Appls., 330; T. D. 32623.) The former decision was rested upon the unmistakably clear waiver in writing filed by the appellants, and this as construed in the light of a uniform current of decisions of this court.

United States Court of Customs Appeals, October 31, 1913.

PETITION for rehearing. Gallagher & Ascher *v.* United States (4 Ct. Cust. Appls., 308; T. D. 33518).

[Denied.]

*Lester C. Childs* for petition.

*William L. Wemple,* Assistant Attorney General (*Leland N. Wood,* assistant attorney, on the brief), for the United States.

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

PER CURIAM: The allegations of this petition are so at variance with the facts as understood by the court that it is deemed advisable to briefly refer thereto in denying the petition.

The case grew out of a challenge of the jurisdiction of a board of three general appraisers in a reappraisement proceeding arising at the port of Chicago and decided at the port of New York. This court affirmed a majority decision of the board holding that the reappraisement board had jurisdiction. (4 Ct. Cust. Appls., 308; T. D. 33518.) This petition alleges that the court thereby reversed its previous decisions in Tilge *v.* United States (1 Ct. Cust. Appls., 462; T. D. 31507); Tilge *v.* United States (2 Ct. Cust. Appls., 149; T. D. 31676); Oelrichs & Co. *v.* United States (2 Ct. Cust. Appls., 355; T. D. 32091); and Harris *v.* United States (3 Ct. Cust. Appls., 5; T. D. 32286).

No reference is made in the petition to the decision of this court in Maddaus *v.* United States (3 Ct. Cust. Appls., 330; T. D. 32623),

---

[1] Reported in T. D. 33849 (25 Treas. Dec., 379).

wherein the court referred to all of the foregoing decisions and succinctly announced and reaffirmed the doctrine of waiver applied by the court in the decision here in question.

Petitioners state:

It has never been conceded in any way that the importers had the right to waive the jurisdiction either of the single general appraiser or of the board of three general appraisers, and it has been and is now insisted that in the light of the decisions quoted above this court has distinctly found that the jurisdiction of the board over the subject matter *is not subject to waiver*.

It is further respectfully invited to the attention of this court that the document which has been denominated a waiver *did not waive the absence of the goods*. A perusal of this written instrument will show conclusively that the *only* thing waived was the right to have the reappraisement at the port of entry. And the court's attention is further respectfully invited to the fact that the re-reappraisement was held at the port of entry.

\* \* \* \* \* \* \*

It is insisted that the citation from the case of Harris *v*. United States, *supra*, made in the appellants' original brief at page 14 thereof, applies directly and unequivocally to the facts in the case at bar. It is absolutely clear that either this court intended by the decision in this case to reverse their decisions of all the cases cited *supra*, or means that this case is different in all of its aspects from those cases.

The stipulation in question reads:

PORT OF CHICAGO, *April 13, 1911.*

SIR: We hereby request that the importation of meat-slicing machines per steamship *Noordam*, entry No. 3964, 1911, be reappraised at the office of the Board of United States General Appraisers, 641 Washington Street, New York City, and waive our rights to have the reappraisement held at the port of entry, *and hereby stipulate that the result of the reappraisement shall not be contested on account of the absence of the merchandise from the place of reappraisement.*

GALLAGHER & ASCHER.

It is not a little difficult to understand in view of the above language upon what theory counsel makes the statement in the petition that the only thing waived was the right to have the reappraisement at the port of entry. It would seem rather that the importers *requested* reappraisement at a port other than that of entry and waived the presence of the merchandise thereat.

The only question in the case, as is shown by the decision of the court herein, was whether or not the word "reappraisement" in the waiver was sufficiently broad to include both the reappraisement proceeding before a general appraiser and that before the board of three general appraisers; and the court concluded, under all the circumstances of the case, that it did. The court assumed upon the authorities cited that the presence of samples before a general appraiser or a board of three general appraisers might be waived. That doctrine was set forth by this court in Maddaus *v*. United States, *supra*, wherein it was said (after referring to previous decisions of the court, including those cited before):

These cases uniformly recognize the rule that in reappraisement proceedings legal samples duly selected are necessary and jurisdictional to the procedure of the appraising officers, that in lieu thereof substitute processes are provided

by the law, which when followed by the appraising officers satisfy this jurisdictional requirement, and that that requirement, being jurisdictional as to procedure rather than as to the parties or subject matter, *may be waived.*

It is an affirmation and recognition and not a reversal of that doctrine to hold that a writing so plainly and unmistakably worded as the above stipulation did constitute a waiver of an examination of the samples.

Nor is any new element introduced into the case in favor of appellants that the so-called re-reappraisement was not held at the port of entry. While counsel insists in his petition that such was the case, the record and the well-known procedure of the Board of General Appraisers unmistakably indicate otherwise. The reappraisement board sat, as it uniformly does, at the port of New York. A member thereof was delegated to take testimony in the nature of a deposition for and on behalf of the board, and this testimony was returned to the board and considered by it at the port of New York, where final decision of the case was rendered.

The decision, however, rests not upon such facts, but upon the plain and unmistakable import of the express waiver in writing filed by the importers, appellants, as construed in the light of a uniform current of decisions of this court upon the facts of the particular record as made by the appellants, who are the petitioners here.

*Denied.*